**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 180596-U

Order filed January 20, 2021

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-18-0596 Circuit No. 18-CF-182 |
| KEVIN L. BOYCE, | ) ) ) | Honorable Kevin W. Lyons, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HOLDRIDGE delivered the judgment of the court.
Justices O'Brien and Wright concurred in the judgment.

_____

**ORDER**

¶ 1        *Held*:   The evidence presented at trial was sufficient to prove the defendant guilty of unlawful possession of firearm ammunition by a felon beyond a reasonable doubt.

¶ 2        The defendant, Kevin L. Boyce, appeals his Peoria County circuit court conviction for unlawful possession of firearm ammunition by a felon. The defendant contends that there was insufficient evidence to prove beyond a reasonable doubt that he maintained the requisite knowledge and control of the ammunition to support finding him guilty of possession of firearm

ammunition by a felon. He further contends that there was insufficient evidence to establish that he constructively possessed the ammunition in his own abode.

¶ 3                                                    I. BACKGROUND

¶ 4        The State charged the defendant with unlawful possession of firearm ammunition by a felon (720 ILCS 5/24-1.1(a) (West 2018)), alleging that on or about March 28, 2018, he knowingly had bullets in his possession.[1] The matter proceeded to a jury trial.

¶ 5        At trial, the parties stipulated that the defendant was a felon on parole at the time the ammunition was found. Ebony Lee testified that she was the defendant's sister and that he lived with her in March 2018. Lee, her two children, and the defendant lived in the home at the time. Ebony and the defendant's sister, Michelle, did not reside in the home, but she had free access to it such that she could come and go from the house whenever she wanted. Ebony and the defendant's nephew would also visit the home, but he did not have free access. The defendant did not have his own bedroom and slept on a couch in the living room where he kept his belongings. The defendant sometimes stayed with his girlfriend.

¶ 6        In the early morning hours of March 29, 2018, the police requested to search Lee's home due to an incident involving the defendant. Lee allowed the police to search her home. She showed the police where the defendant kept his belongings. She learned that the police found firearm ammunition and testified that it was not hers.

¶ 7        Lee was shown photographs that were entered into evidence. In the State's exhibit No. 3, she identified her living room and the black couch that the defendant slept on. She also identified

---

[1]The State also charged the defendant with unlawful possession of a weapon by a felon (720 ILCS 5/24-1.1 (a) (West 2018)). As the jury found the defendant not guilty of that charge, we do not address it in this appeal.

his belongings. Further, she testified that a box in the photograph was not hers and that she believed it belonged to the defendant.

¶ 8        Officer Dustin Barnett, who had searched Lee's residence, identified a box in State's exhibit No. 3, which he stated was found under a table at the end of the black couch. He found ammunition in that box. The box also contained two pieces of mail that were addressed to the defendant. State's exhibit Nos. 8 and 9 showed the mail was not addressed to Lee's residence and was postmarked in May and November 2017. Barnett also testified that the defendant's identification (ID) card was on top of the same end table under which the box was found.

¶ 9        During the defendant's trial testimony, he repeatedly referred to the home where the ammunition was found as his residence, his home, his house, or where he lived. He further testified that he had previously seen the ammunition found at the residence because his nephew showed it to him a few days prior to when it was found by the officers. He stated that when he was driving home, his nephew flagged him down for a ride. His nephew then showed him a bookbag that he had found which contained the ammunition. His nephew planned on selling the ammunition, but the defendant told him not to. When they arrived at the defendant's residence, he told Michelle about the ammunition, and she took it into the residence to discard it. He stated he did not know what she did with it, but she told him she threw it away. The defendant asserted the ammunition was never in his possession.

¶ 10        The jury found the defendant guilty of unlawful possession of firearm ammunition by a felon. The defendant then filed a motion for judgment of acquittal notwithstanding the verdict or for a new trial arguing that instead of constructive possession, the evidence showed a lack of possession. The court denied the motion and sentenced the defendant to four years' imprisonment. The defendant appeals.

3

¶ 11                                    II. ANALYSIS

¶ 12          The defendant argues that the State failed to present sufficient evidence to establish his

guilt of unlawful possession of firearm ammunition by a felon beyond a reasonable doubt

because there was insufficient evidence to show that he constructively possessed the ammunition

in his home.

¶ 13          When a defendant challenges the sufficiency of the evidence, we must determine whether

the evidence, when viewed in the light most favorable to the State, would permit any rational

trier of fact to find that the State proved the elements of the offense beyond a reasonable doubt.

*People v. Ross*, 229 Ill. 2d 255, 272 (2008). Witness credibility and the weight given to

testimony are determinations left to the trier of fact. *People v. Nitz*, 143 Ill. 2d 82, 95 (1991). We

will not retry the defendant and must allow all reasonable inferences from the evidence in favor

of the State. *People v. Lloyd*, 2013 IL 113510, ¶ 42.

¶ 14          In order to find the defendant guilty of unlawful possession of firearm ammunition by a

felon, the State needed to prove beyond a reasonable doubt that he "knowingly possess[ed] on or

about his person or on his land or in his own abode *** any firearm ammunition" and that he had

been convicted of a felony. 720 ILCS 5/24-1.1(a) (West 2018). The defendant argues that the

State failed to prove that he knowingly possessed firearm ammunition in his own abode. He does

not dispute the proof of his felon status.

¶ 15          "Knowledge and possession are questions of fact to be resolved by the trier of fact, whose

findings should not be disturbed upon review unless the evidence is so unbelievable, improbable,

or palpably contrary to the verdict that it creates a reasonable doubt of guilt." *People v. Luckett*,

273 Ill. App. 3d 1023, 1033 (1995). "Possession may be actual or constructive and is often

proved with circumstantial evidence." *People v. Jackson*, 2019 IL App (1st) 161745, ¶ 27.

4

Constructive possession may be proven by showing the defendant had "knowledge of the presence of the contraband and had immediate and exclusive control over the area where the contraband was found." *Id.*

¶ 16   The trier of fact may infer knowledge from the surrounding circumstances. *Id.* Proof that the defendant had control over the premises where contraband is located gives rise to an inference of knowledge and possession. *People v. Givens*, 237 Ill. 2d 311, 335 (2010). "Habitation in the premises where contraband is discovered is sufficient evidence of control to constitute constructive possession." *People v. Spencer*, 2012 IL App (1st) 102094, ¶ 17. "Constructive possession is not diminished by evidence of others' access to [the] contraband." *Jackson*, 2019 IL App (1st) 161745, ¶ 27.

¶ 17   Here, during the defendant's testimony, he referred to the home where the ammunition was found as his residence multiple times and stated that he lived there. Lee also testified that the defendant resided there. Additionally, the defendant slept on a couch that was next to the end table under which the box containing the ammunition was found. Contrary to the defendant's assertions, this was sufficient evidence to establish that the ammunition was found in his own abode. See *People v. Price*, 375 Ill. App. 3d 684, 689, 695 (2007) (stating that the term "abode" encompasses one's residence and equating "abode" with one's home). This evidence also established that the defendant resided at the premises where the ammunition was discovered and that is sufficient evidence of control to establish constructive possession. See *Spencer*, 2012 IL App (1st) 102094, ¶ 17.

¶ 18   Additionally, other testimony provided a basis on which the jury could infer the defendant's knowledge and control over the ammunition. Specifically, the defendant resided at the home where the ammunition was discovered with Lee, and Lee testified that the box that the

5

ammunition was found in was not hers, and she believed it was the defendant's. Lee also testified that the ammunition was not hers. The box was found near the defendant's belongings and contained mail addressed to him. The defendant's ID was on top of the end table that the box was found under and this table was next to the couch where the defendant slept. Taking these facts together, it cannot be said that the jury's conclusion that the defendant knowingly possessed the ammunition was based on evidence "so unbelievable, improbable, or palpably contrary to the verdict that it creates a reasonable doubt of guilt." *Luckett*, 273 Ill. App. 3d at 1033. Based on the foregoing, and viewing the evidence in a light most favorable to the State, we conclude the jury could reasonably infer that the defendant constructively possessed the ammunition in his abode.

¶ 19                                      III. CONCLUSION

¶ 20            The judgment of the circuit court of Peoria County is affirmed.

¶ 21            Affirmed.